| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br><br>Court Address: 501 N. Elizabeth<br>Pueblo, CO 81003 | DATE FILED: July 7, 2016 12:40 PM<br>FILING ID: 2FCC21C774EC0<br>CASE NUMBER: 2016CV30573 |
| Plaintiff: Rosalie Maestas<br><br>Defendant: State Farm Mutual Automobile Insurance Company | ▲COURT USE ONLY▲ |
| Erica A. Vecchio<br>Franklin D. Azar & Associates, P.C.<br>1128 Eagle Ridge Boulevard<br>Pueblo, Colorado 81008<br>Phone Number: 719-544-8000<br>Fax Number: 719-545-4357<br>E-Mail: vecchioe@fdazar.com<br>Atty. Reg. #36983<br><br>Attorneys for Plaintiff | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** | |

COMES NOW Plaintiff, Rosalie Maestas, by and through her attorneys, Franklin D. Azar and Associates, P.C., Erica A. Vecchio, for her Complaint against the Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant State Farm Mutual Automobile Insurance Company hereinafter "State Farm" is a corporation doing business in the State of Colorado.

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.


EXHIBIT A

5.    On or about April 6, 2013, Plaintiff was the passenger of a 2011 Dodge 150 Pickup Truck, traveling northbound on Prairie Avenue.

6.    Ernest Martinez an under-insured motorist, was traveling southbound on Prairie when he made a u-turn to go northbound hitting Plaintiff.

7.    The accident was caused by the negligence of the underinsured motorist Ernest Martinez.

8.    Plaintiff was not negligent on the occasion in question.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

9.    Plaintiff incorporates all prior allegations as though fully set forth herein.

10.   Sometime prior to the accident, Plaintiff, entered into a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant State Farm.

11.   Plaintiff has advised Defendant State Farm of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant State Farm in connection with the claim.

12.   Plaintiff is an intended beneficiary of Defendant State Farm's insurance policy/contract and is therefore entitled to enforce its terms.

13.   Plaintiff is entitled to be compensated by Defendant State Farm for all damages she has incurred, including pain, suffering, lost of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, and past and future medical expenses under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

14.   Plaintiff incorporates all prior allegations as though fully set forth herein.

15.     Defendant State Farm has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

16.     Defendant State Farm's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her and which Defendant should have previously paid to her.

17.     In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant State Farm two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

18.     Plaintiff incorporates all prior allegations as though fully set forth herein.

19.     Defendant State Farm owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

20.     Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

> (a) Compelling this Plaintiff to institute litigation to recover amounts due her under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
> (b) Favoring the interests of Defendant State Farm, an insurer, over those of Plaintiff, an insured, to whom Defendant State Farm owes fiduciary and statutory duties;
> (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
> (d) Failing to provide copies of the policy of insurance in a timely manner when requested; and,
> (e) Incompetently evaluating Plaintiff's claim.

21.     Defendant State Farm's actions are unreasonable.

22.     Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

23.     As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

     a. Being forced to incur additional costs in litigation;
     b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
     c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted,

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Original duly signed and on file at the office of Franklin D. Azar & Associates, P.C.*

By: *s/Erica A. Vecchio*
     Erica A. Vecchio, #36983
     Counsel for Plaintiff

**Plaintiff's Address:**
**P.O. Box 8001**
**Pueblo, Colorado 81008**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*